**Kathleen A. McCallister**
**Chapter 13 Trustee**
**P.O. Box 1150**
**Meridian, ID 83680**
**(208) 922-5100 - Telephone**
**(208) 922-5599  - Facsimile**
**kam@kam13trustee.com**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF IDAHO**

| | |
|---|---|
| **IN RE:** | **CHAPTER 13** |
| **JOEL D. SESSIONS** | **CASE NO.  15-01667-JDP** |

**TRUSTEE'S FINDINGS AND RECOMMENDATIONS**

   NOW COMES Kathleen A. McCallister, the standing Chapter 13 Trustee for the United States Bankruptcy Court for the District of Idaho and as for her Recommendation for Confirmation states that she has reviewed the Debtor(s) plan, petition, and any amendments and does not believe that the Plan complies with the provisions of 11 USC Section 1325 (a) and (b) including best effort, best interest and good faith and/or with Section 1326.

**MATTERS AT ISSUE:**

1. Debtor's petition does not appear to have been filed in good faith. This Debtor has received two prior Chapter 7 discharges: one in 1999 and a second in 2010. The Debtor currently lists $89,000 in unsecured debt including $54,000 for non-dischargeable student loans, $6,600 is for priority claims, and the balance remaining is for new debt incurred by the Debtor since his last case was filed. Debtor's student loan debt had not been discharged in his prior cases. On or about May 2014, the Debtor sold his father's home and netted proceeds of $94,000. Despite the fact that the Debtor had student loans in excess of $54,000 the Debtor proceeded to spend all of the funds received from the sale of his father's home for frivolous purposes. The Debtor spent $22,000 in May 2014 and $79,979 in June 2014. The funds were not used to pay off the Debtor's debts. The Debtor subsequently took out a TSP loan in June 2014 and deposited another $25,805 but spent $27,000 that month. Despite having squandered $115,000 in a three month period of time, the Debtor has now proposed a Chapter 13 plan which pays unsecured creditors $16,316, or about 20% of what is currently owed to them. This is a financially sophisticated Debtor who has worked for the Internal Revenue Service as a revenue officer in excess of six years and was aware of his financial obligations at the time in which he spent all of the aforementioned funds. The bulk of the funds went towards the Debtor's own entertainment and luxury items. The Debtor's case should be dismissed.

2. Trustee has reviewed the Debtor's Washington Trust Bank statements and has requested documentation of the following checks:

| Check # | Amount |
|---|---|
| 2451 | $20,000 |
| 2268 | $5,000 |
| 2281 | $2,500 |
| 2284 | $4,000 |
| 2455 | $3,500 |
| 2457 | $3,000 |
| 2476 | $22,010 |
| 2498 | $4,000 |
| 2499 | $6,000 |
| 2502 | $1,000 |
| 2295 | $5,905.85 |
| 2296 | $2,673.67 |

All of these checks were written within a three month period of time. Trustee will need to know where the funds were spent and whether there were any major purchases, fraudulent transfers, or preferential transfers.

3. Debtor met a woman in Columbia in 2014 and indicated that he spent large sums of money supporting her until she could move to the United States and he could marry her. He married her in July 2015, and they separated in November 2015. Debtor testified that he quitclaimed his interest in his real estate to his wife at the time of the marriage. The Debtor will need to amend the Statement of Financial Affairs to list the transfer of his real estate to his spouse.
4. The Debtor has listed a mortgage default in excess of $16,000. Despite that the Debtor was not making his mortgage payment he continued to travel to Panama and Columbia in in his efforts to pursue his fourth wife. Debtor is not treating his creditors fairly.
5. Debtor has also testified that he spent about $3,000 from July 2015 through November 2015 to purchase clothing for his new wife. This was done at the expense of his creditors as Debtor was not paying his unsecured debt, nor was he making his mortgage payments.
6. Debtor indicated that his new wife no longer resides with him and does not list any contribution to the household from her. The Debtor will need to file an amended Schedule I if his wife receives income from any source and begins contributing to the household.
7. Debtor's transportation related expenses of $410 per month are excessive.
8. Debtor's plan fails to provide for the secured claim of Kay Jewelers in the amount of $1,093.
9. Debtor testified that he needed to amend schedule F to list Check into cash as a creditor. He will also need t provide them a copy of his plan and the 341 meeting site.

DATED: February 16, 2016

/s/ Kathleen McCallister__
**Kathleen McCallister, Trustee**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 16, 2016, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Office of the U.S. Trustee
ustp.region18.bs.ecf@usdoj.gov

HYRUM MASON ZEYER
Attorney at Law
HYRUM@PETERSONZEYERLAW.COM

**AND I FURTHER CERTIFY** that on such date I served the foregoing on the following non CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid addressed as follows:

JOEL D. SESSIONS
11003 WEST PETUNIA DRIVE
BOISE, ID 83709

                                                          **/s/** Matthew Mallard
                                                **Matthew Mallard, Case Administrator**